UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELVIN FERNANDO RIVERA MARTINEZ,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | No. 1:26-cv-08229-DAD-SCR (HC)<br><br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT</u><br><br>(Doc. No. 3) |

On October 8, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order seeking his immediate release from custody. (Doc. No. 2.) On October 9, 2026, the court set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) Respondent was further directed to state any opposition that it had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*)

/////

On October 14, 2026, respondent filed an opposition. (Doc. No. 6.) Therein, respondent argues that because petitioner has failed to request a custody re-determination hearing before an immigration judge, he has not been denied due process. (*Id.*)[1] Respondent has not indicated whether it opposes the court ruling directly on the petition despite being so directed, and the court will do so.

Based upon the parties' briefing, the court finds the following facts. Petitioner entered the United States in 2023 and has continuously resided in this country since then. (Doc. No. 1 at ¶ 2.) Petitioner alleges that he does not have a criminal history. (*Id.* at ¶ 3.) On or about July 23, 2026, ICE detained petitioner during a traffic stop of a vehicle in which petitioner was a passenger. (Doc. No. 6-1 at 2.)

In the petition, petitioner alleges that ICE arrested him without a warrant. (Doc. No. 1 at ¶ 4.) Respondent offers evidence that a warrant was issued on October 13, 2026, one day before it filed its opposition to the pending motion. The Immigration and Nationality Act expressly provides that noncitizens subject to § 1226(a) must be arrested pursuant to a warrant. 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."). Respondent has failed to explain why a warrant was issued months *after* petitioner's arrest. Accordingly, the court concludes that petitioner's detention is unlawful and will order his immediate release. *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025) ("To put it simply, Petitioners' detentions are improper because there is no evidence in the record that they were arrested pursuant to a warrant. Since the Government did not comply with the plain language of section 1226(a), their immediate release is justified."), *appeal dismissed sub nom. Lema v. Scott*, No. 25-2061, 2025 WL 4704856 (1st Cir. Dec. 17, 2025), and *appeal dismissed sub nom. Tamay v. Scott*, No. 25-2060, 2025 WL 4710332 (1st Cir. Dec. 19, 2025), and *appeal dismissed sub nom. Chafla*

---

[1] Respondent also argues that the petition should be denied for lack of exhaustion due to petitioner's failure to seek a custody re-determination hearing before an immigration judge. (*Id.* at 1.) The court will waive the exhaustion requirement "to avoid further irreparable harm and further delay in vindicating Petitioner's rights." *Giancarlo A.M. v. Cal. City Warden*, No. 1:26-cv-04036-TLN-CSK, 2026 WL 2836725, at *2 n.2 (E.D. Cal. Sept. 22, 2026).

*v. Scott*, No. 25-2059, 2026 WL 1230592 (1st Cir. Jan. 26, 2026); *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963, at *1–3 (E.D. Cal. Aug. 10, 2026) (finding the failure to arrest a noncitizen following or contemporaneously with the issuance of a warrant and failure to issue a notice to appear prior to or contemporaneously with the noncitizen's detention warranted immediate release); *A.E.R.T. v. Wofford*, No. 1:25-cv-01824-KES-SKO (HC), 2025 WL 3645297, at *2 (E.D. Cal. Dec. 16, 2025) ("When the government detained petitioner, it also did not comply with the terms of 8 U.S.C. § 1226(a), and there is no evidence in the record that petitioner was arrested pursuant to a warrant as required by § 1226(a). Petitioner's immediate release is the appropriate remedy.").

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Selvin Fernando Rivera Martinez, A-File No. 243-164-394, from respondent's custody;
    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;
2. Petitioner's motion for temporary restraining order (Doc. No. 3) is DENIED as having been rendered moot by this order granting him habeas relief;
3. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and

/////

/////

/////

/////

4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 16, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE